UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RIKY PERASSO,

    Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, MIKE GLEASON, WAYMAN, STROPE,

    Defendants.

CASE NO. 3:18-CV-05934-BHS-DWC

ORDER

Plaintiff Riky Perasso, who is represented by counsel, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1. Currently before the Court are Defendants' Motion for a Protective Order and Plaintiff's Motion to Compel Discovery. Dkt. 23, 26. After consideration of the record, the Motion for a Protective Order (Dkt. 23) and the Motion to Compel (Dkt. 26) are granted.

**I.    Background**

Plaintiff, an inmate within the Washington State Department of Corrections ("DOC"), alleges Defendants violated Plaintiff's constitutional rights and state law by failing to protect him

when he was assaulted by three inmates at Stafford Creek Correctional Center ("SCCC") on October 19, 2016. Dkt. 1-2. On April 18, 2019, Plaintiff filed the Motion to Compel requesting the Court order Defendants to produce a copy of any and all videos that were generated or created on October 19, 2016 that contain images of Plaintiff or any individual believed to have attacked Plaintiff. Dkt. 26. On the same day, April 18, 2019, Defendants filed the Motion for Protective Order requesting the Court enter a protective order exempting Defendants from producing video surveillance footage from "fixed camera emplacements" within the prison facility ("video evidence") to Plaintiff. Dkt. 23. Defendants do not assert the video evidence is not relevant; rather, Defendants argue producing the video evidence to an active inmate would seriously compromise prison security. *Id*.

**II.     Discussion**

At issue is whether video evidence should be produced and, if so, whether a protective order should be entered restricting dissemination of the video evidence.

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established that the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure.

The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the Court may deny or limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense[.]" Fed. R. Civ. P. 26(c); *see also GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 285–86 (S.D. Cal. 2000). To obtain a protective order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance. Specifically, the moving party must make a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Here, the video evidence is related only to the day of the attack and narrowed to videos that contain images of Plaintiff or anyone believed to have attacked Plaintiff. *See* Dkt. 26, p. 4; Dkt. 26-2, p. 9. The Court finds the video evidence is relevant as it may lead to admissible evidence related to the claims alleged in the Complaint. *See* Dkt. 1-2; *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quotation marks and citation omitted) ("Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence."). Therefore, Plaintiff's Motion to Compel (Dkt. 26) is granted.

The Court, however, finds a protective order is appropriate to ensure prison security. The evidence shows it is "critical that offenders, their cohorts, and visitors not know the capabilities and the limitations of the DOC's surveillance systems" to maintain the secure and orderly operation of a prison. Dkt. 25, Herzog Dec., ¶¶ 4-5. "Providing access to recordings of DOC surveillance videos would allow others to accurately determine which areas are weak or devoid in DOC's ability to capture identities in the aftermath of an incident or crime" and could enable others to study staff movements to identify weaknesses in security. *Id*. at ¶ 8. Further, the surveillance videos can be used by: sexual predators to prey on weaker offenders, inmates to assault other offenders, and visitors to uncover new methods to pass contraband. *Id*. "Surveillance video could also reveal the internal layout and design of a facility . . . or of specific

security features." *Id*. As Defendants have shown prison security and the orderly operation of the prison is at risk if the video evidence is produced, the Court finds good cause to limit production of the video evidence. *See e.g. Fourhorn v. City and County of Denver,* 261 F.R.D. 654 (D. Colo. 2009) (court issued a protective order which prohibited dissemination of jail policies and security information noting ample case law addressing issued related to jail or prison security and safety).

Therefore, the Motion for a Protective Order (Dkt. 23) is granted as follows:

- Defendants shall provide Plaintiff's counsel and staff with a reasonable opportunity to view the video evidence.
- At this time, Plaintiff is prohibited from viewing the video evidence.
- The parties and their respective counsel are prohibited from disclosing, sharing, transmitting, or disseminating the video evidence.
- If any party seeks to file the video evidence with the Court, the party is required to file the video evidence under seal pursuant to Local Civil Rule 5(g).

**III. Conclusion**

In summation, both the Motion to Compel (Dkt. 26) and the Motion for Protective Order (Dkt. 23) are granted consistent with the directives of this Order.

Dated this 20th day of May, 2019.

David W. Christel
United States Magistrate Judge