UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RIKY PERASSO,

        Plaintiff,

v.

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,
et al.,

        Defendants.

CASE NO. 3:18-CV-5934-BHS-DWC

ORDER

Plaintiff Riky Perasso, who is represented by counsel, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1. Currently before the Court is Plaintiff's Motion to Order Physical Production of S[u]rveillance Videos. Dkt. 35. After consideration of the record, the Motion (Dkt. 35) is denied.

**I.**     **Background**

Plaintiff, an inmate within the Washington State Department of Corrections ("DOC"), alleges Defendants violated Plaintiff's constitutional rights and state law by failing to protect him

when he was assaulted by three inmates at Stafford Creek Correctional Center ("SCCC") on October 19, 2016. Dkt. 1-2.

On May 20, 2019, the Court, in relevant part, directed Defendants to provide Plaintiff's counsel and staff with a reasonable opportunity to view video surveillance evidence from SCCC on the date Plaintiff was allegedly attacked ("video evidence"). Dkt. 33. Plaintiff now moves for a Court order directing Defendants to provide Plaintiff with a physical copy of the video evidence. Dkt. 35. Defendants request the Motion be denied because Plaintiff is improperly moving for reconsideration of the May 20, 2019 Order ("Order") and has failed to meet and confer prior to filing a discovery related motion. Dkt. 36. Defendants also state the scope of the Order is sufficient to allow Plaintiff's counsel to obtain the necessary evidence from the videos. *Id*.

**II.     Discussion**

A.  *Motion for Reconsideration*

Plaintiff appears to seek reconsideration of the Order directing Defendants to provide Plaintiff's counsel and staff with a reasonable opportunity to view the video evidence. *See* Dkt. 35. Plaintiff is essentially asserting the Order, allowing Plaintiff only the opportunity to view the video evidence, is overly burdensome because Plaintiff's counsel is required to travel to Tumwater to view the video evidence and the video evidence is not in a user-friendly format. *See id*.

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence. A motion for reconsideration must "be filed within fourteen days after the order to which it relates is filed." LCR 7(h)(2).

Here, Plaintiff has not sought timely reconsideration of the Order. The Order was entered on May 20, 2019. Dkt. 33. Plaintiff did not file the Motion until September 30, 2019, which was four months after the Order was entered and almost two months after Plaintiff's counsel viewed the video evidence. *See* Dkt. 35 (viewed video evidence in Tumwater on August 7, 2019). Thus, the Motion is not timely.

Furthermore, Plaintiff fails to show a manifest error in the Court's prior ruling or new facts or legal authority which could not have been presented earlier. *See* Dkt. 35, 39. Rather, Plaintiff's counsel requests the Court broaden the scope of the Order because it is inconvenient, time consuming, and a burden for Plaintiff's counsel to view the video evidence in Tumwater. *See* Dkt. 35, 39. While Plaintiff states this Motion follows his "diligent efforts to review the videos" (Dkt. 39), the Court does not find this is sufficient to show new facts necessitating reconsideration of the Order. Accordingly, the Court finds Plaintiff has not met the standard outlined in Local Civil Rule 7(h).

B.  *Motion to Compel*

Pursuant to Federal Rule of Civil Procedure 37(a)(1):

> . . . On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*See also* LCR 37(a)(1).

Here, Plaintiff is moving for a Court order compelling Defendants to provide his counsel with a copy of the video evidence. Dkt. 35. Plaintiff, however, failed to certify he conferred or attempted to confer with Defendants' counsel regarding the requested discovery. *See id*.; *see also* Dkt. 37, Throgmorton Dec., ¶ 8. Plaintiff did not respond to Defendants' counsel's assertion that

Plaintiff's counsel has not attempted confer with Defendants' counsel regarding physical production of the video evidence. *See* Dkt. 39. Thus, the Court finds Plaintiff has failed to certify he conferred or attempted to confer with Defendants' counsel regarding the requested discovery prior to filing the Motion. Accordingly, the Court finds Plaintiff has not complied with Rule 37.[1]

**III.     Conclusion**

Plaintiff has not shown this Court should reconsider the Order and direct Defendants to provide Plaintiff's counsel with a physical copy of the video evidence. Further, Plaintiff has not shown his counsel met and conferred with Defendants' counsel to resolve this discovery matter. Therefore, the Motion (Dkt. 35) is denied.

Dated this 4th day of November, 2019.

David W. Christel
United States Magistrate Judge

---

[1] The Court notes that had the parties met and conferred it is possible they may have reached a resolution. For example, Defendants' counsel may be able to make the video evidence available to Plaintiff's counsel at an office in Seattle, closer to Plaintiff's counsel's office. *See* Dkt. 37.